UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
BENSON EVERETT LEGG
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

October 25, 2000

MEMORANDUM TO COUNSEL
    RE: <u>OPTIMUM CHOICE, INC. V. JOHN F. LILLARD, III</u>, CIV.
        NO. L-00-1320

    I understand that the parties have agreed to settle this case and have agreed on the amount that Mr. Esterling must remit to OCI. The funds have been paid into the registry of the Court. Accordingly, once I receive the settlement order, the Clerk will pay OCI a specified amount, with the balance going to Mr. Lillard, as Esterling's counsel.

    Mr. Lillard submitted a letter requesting attorney's fees on the grounds that he should be treated as an interpleader plaintiff: a stakeholder having possession of funds claimed both by his client (Mr. Esterling) and OCI. In a counter-letter, OCI contests Mr. Lillard's entitlement to attorney's fees and has requested a hearing.

    In my view, Mr. Lillard's claim to be treated as a stakeholder has some merit. As an attorney, Mr. Lillard could not have remitted the Esterling settlement funds to OCI absent his client's permission or a legal requirement to do so (such as in response to an attachment). As a stakeholder, Mr. Lillard would be entitled to file an interpleader action.

    Unlike most interpleader plaintiffs, however, Mr. Lillard has not been serving solely as a stakeholder. He was also functioning as Esterling's attorney and as an attorney for a plaintiff in another case involving OCI, <u>Hampton v. Optimum Choice, Inc.</u>, Civ. No. L-00-1410. Much of the time he has spent on this case may have involved work separate from his filing of the interpleader action.



Memorandum to Counsel
October 25, 2000
page 2

<u>OCI v. Lillard</u>
Civ. No. L-00-1320

The prevailing principle in interpleader actions brought in federal courts, whether under the interpleader statute, or under FRCP 22, is that the Court has discretion to award the stakeholder costs, including a reasonable attorney's fee, out of the deposited funds. See <u>Coppage v. Ins. Co. of North America</u>, 263 F.Supp. 98, 100 (D. Md. 1967). An interpleader action normally involves the preparation and filing of a single pleading. Such a pleading "does not usually involve any great amount of skill, labor or responsibility." See <u>Lewis v. Atlantic Research Corp.</u>, No. A98-0070-H, 1999 WL 701383, at *7 (W.D. Va. Aug 30, 1999).

Having reviewed the letters submitted thus far, I propose awarding $1000 to Mr. Lillard from the amount to be paid to OCI. If you are inclined to settle on this basis, you may submit the appropriate settlement documents to the Court.

If you are disinclined to settle on this basis, you must fully brief the attorney's fee issue, including whether the fee should be paid by OCI only or both OCI and Esterling. The letters filed by the parties are not sufficient. Mr. Lillard's motion for attorney's fees would be filed by November 13, 2000 and OCI's response would be filed no later than November 22, 2000.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

Benson Everett Legg

c:    Court File